UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNA A. DAVIS, a Washington resident; CHRISTIANA GRACE, LLC, a Washington limited liability company; PUNARDEEP SANDHU, a Washington resident; AMARJEET RANDHAWA, a Washington resident; RS SPAS & SALONS LLC, a Washington limited liability company; RYAN HOLLIS, a Washington resident; JASON BLEICK and KAREN BLEICK, Washington residents; BEAUTY IN SPOKANE, LLC, a Washington limited liability company; GREG KELLY and ROBIN KELLY, Michigan residents; AVATAR2026 HOLDINGS, INC., a Michigan corporation; THOMAS CUTHBERT, a Minnesota resident; LAURA CHARBONEAU, a Minnesota resident; MIDWEST BEAUTY, INC., a Minnesota corporation; ON CALL ENTERPRISES, INC., a Georgia corporation; and MIVAS, LLC, an Idaho limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> SEVA BEAUTY, LLC, an Illinois limited liability company; VASILIOS MANIATIS, an Illinois resident; SONAL MANIATIS, an Illinois resident; KARI COMROV, an Illinois resident; BREE VISCIA, an Illinois resident; and JONATHAN KITTNER, an Illinois resident, <br><br> Defendants. | Case No. 2:17-cv-00547-TSZ <br><br> **AMENDED COMPLAINT FOR RESCISSION AND DAMAGES** <br><br> JURY TRIAL DEMANDED |

AMENDED COMPLAINT FOR RESCISSION AND DAMAGES - 1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

130647.0001/6927801.1

Plaintiffs allege as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs purchased multiple franchises (the "Franchises") from Defendant Seva Beauty, LLC ("Seva").

2. Plaintiff Anna A. Davis ("Davis") is an individual residing in King County, Washington. Davis purchased three franchises from Seva on or about August 20, 2015.

3. Plaintiff Christiana Grace, LLC ("Christiana Grace") is a Washington limited liability company operating in Skagit County, Washington. Davis is the sole member of Christiana Grace. Davis assigned all rights and delegated all duties related to her Seva franchise to Christiana Grace on or about April 27, 2016, with Seva's consent.

4. Plaintiffs Punardeep Sandhu ("Sandhu") and Amarjeet Randhawa ("Randhawa") are individuals residing in Kitsap County, Washington. Sandhu and Randhawa jointly purchased one franchise from Seva around August 2013.

5. Plaintiff RS Spas & Salons, LLC ("RS Spas") is a Washington limited liability company operating in Kitsap County, Washington. Sandhu and Randhawa are the sole members of RS Spas. Sandhu and Randhawa assigned all rights and delegated all duties related to their Seva franchise to RS Spas, with Seva's consent.

6. Plaintiff Ryan Hollis ("Hollis") is an individual residing in King County, Washington. Hollis purchased three franchises from Seva on or about July 8, 2016.

7. Plaintiffs Jason Bleick and Karen Bleick (collectively, the "Bleicks") are individuals residing in Spokane County, Washington. The Bleicks jointly purchased a franchise from Seva on or about March 25, 2016.

8. Plaintiff Beauty in Spokane, LLC ("Beauty in Spokane") is a Washington limited liability company operating in Spokane County, Washington. The Bleicks are the sole members of Beauty in Spokane. The Bleicks assigned all rights and delegated all duties related to their Seva franchises to Beauty in Spokane, with Seva's consent.

AMENDED COMPLAINT FOR RESCISSION AND DAMAGES - 2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

130647.0001/6927801.1

9. Plaintiffs Greg and Robin Kelly (collectively, the "Kellys") are individuals residing in Macomb County, Michigan.

10. Plaintiff Avatar2026 Holdings, Inc. ("Avatar2026") is a Michigan corporation with its principal place of business in Macomb County, Michigan. The Kellys are the sole shareholders of Avatar2026. The Kellys and Avatar2026 purchased several Seva franchises on or about January 15, 2016.

11. Plaintiffs Thomas Cuthbert ("Cuthbert") and Laura Charboneau ("Charboneau") are individuals residing in Ramsey County, Minnesota. Cuthbert and Charboneau jointly purchased three Seva franchises on or about March 25, 2016.

12. Plaintiff Midwest Beauty, Inc. ("Midwest Beauty") is a Minnesota corporation with its principal place of business in Ramsey County, Minnesota. Cuthbert and Charboneau are the sole shareholders of Midwest Beauty. Cuthbert and Charboneau assigned all rights and delegated all duties related to their franchises to Midwest Beauty, with Seva's consent.

13. Plaintiff On Call Enterprises, Inc. ("On Call Enterprises") is a Georgia corporation with its principal place of business in Gwinnett County, Georgia. Susan Call and Michael Call are the sole shareholders of On Call Enterprises. The Calls reside in Gwinnett County, Georgia. On Call Enterprises purchased three franchises from Seva on or about April 15, 2016.

14. Plaintiff Mivas, LLC ("Mivas") is an Idaho limited liability company operating in Ada County, Idaho. Travis Hawkes ("Hawkes") and Michael D. Payne ("Payne") are the sole shareholders of Mivas. Hawkes and Payne reside in Ada County, Idaho. Mivas purchased three franchises from Seva on or about March 26, 2016.

15. Defendant Seva is an Illinois limited liability company with its principal place of business in Lake County, Illinois. Seva sold the Franchises to Plaintiffs.

16. Defendants Vasilios Maniatis and Sonal Maniatis (collectively, the "Maniatises") are individuals residing in Lake County, Illinois. The Maniatises are the sole

AMENDED COMPLAINT FOR RESCISSION AND DAMAGES - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

130647.0001/6927801.1

members of Seva and directly or indirectly participated in or controlled Seva's unlawful actions described herein.

17. Defendant Kari Comrov ("Comrov") is an individual residing in Cook County, Illinois. Comrov is Seva's Chief of Staff and directly or indirectly participated in or controlled Seva's unlawful actions described herein.

18. Defendant Bree Viscia ("Viscia") is an individual residing in Cook County, Illinois. Viscia is Seva's Senior Director of Operations or Director of Spa Operations, and Viscia directly or indirectly participated in or controlled Seva's unlawful actions described herein.

19. Defendant Jonathan Kittner ("Kittner") is an individual residing in DuPage County, Illinois. Kittner was Seva's Director of Operations in 2015-16, and he directly or indirectly participated in or controlled many of Seva's unlawful actions described herein.

20. Diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1332 and 1441. Plaintiffs are residents of Washington, Michigan, Minnesota, Georgia, and Idaho. Defendants are citizens of Illinois. The amount in controversy exceeds $75,000.

21. Venue is proper in the U.S. District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391. Plaintiffs' claims in this litigation arise out of Defendants' actions relating to sales of the Franchises to Plaintiffs, including sales of franchises to the majority of Plaintiffs residing and operating Franchises in the area encompassed by the U.S. District Court for the Western District of Washington.

## II.   FACTUAL BACKGROUND

22. Seva sells "fast-casual spa" franchises that provide brow-shaping, facial "threading," lash extensions, facial treatments, and various forms of skincare and similar treatments.

23. Seva franchises primarily operate inside Walmart stores and rely on foot traffic from Walmart customers.

AMENDED COMPLAINT FOR RESCISSION AND DAMAGES - 4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

130647.0001/6927801.1

24.     In connection with the sale of the Franchises to Plaintiffs, Seva intentionally omitted financial information from its Financial Disclosure Document ("FDD") regarding a significant number of Seva franchises. Instead, Seva only provided limited financial information from a handful of its most profitable store locations. In addition, the circumstances and business practices at Seva's most profitable store locations were materially different than the circumstances and business practices encouraged by Seva in a typical Seva franchise and/or required by law. As a result, the financial information provided in Seva's FDD was misleading because it failed to provide a complete picture of what Plaintiffs should have expected when purchasing a Seva franchise.

25.     Seva made various representations to Plaintiffs about the profitability of Seva stores that induced Plaintiffs to purchase the Franchises, including statements that the stores would break even or be profitable within a short period of time (1-3 months, 2-4 months, or 3-6 months, depending on the Plaintiff) and that Plaintiffs could easily earn at least $90,000 to $150,000 in profit per Franchise in the Franchises' second year of operations. After purchasing the Franchises, Plaintiffs learned that Seva franchises need at least 12 months to break even (if the franchises ever break even at all), and that even "successful" Seva franchises only make $36,000 of profit after three years of operations.

26.     Seva has refused to allow Plaintiffs to increase the prices that Plaintiffs could charge customers, but Seva failed to disclose this prohibition and its effect on the Franchises in its FDD.

27.     Seva refused to allow Plaintiffs to open their Seva Franchise stores without employing at least 4-5 licensed estheticians. Seva failed to disclose this requirement and its effect on the Franchises in its FDD.

28.     Seva refused to allow Plaintiffs to change their business practices in any material way without signing a release of all claims against Seva. Seva failed to disclose this requirement and its effect on the Franchises in its FDD.

AMENDED COMPLAINT FOR RESCISSION AND DAMAGES - 5

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

130647.0001/6927801.1

29. Seva repeatedly represented that the Franchises could be "manager-managed" so that Plaintiffs would not be required to work in the store personally. However, after Plaintiffs purchased the Franchises, Seva staff insisted that Franchise owners needed to spend at least 40 hours per week at the store in order to be successful. Under Seva's franchise model, the Franchises cannot be financially profitable as a manager-managed model. Seva failed to disclose this information and its effect on the Franchises in its FDD.

30. Seva misrepresented that Plaintiffs could open the Franchises in any Walmart location and that operation in any Walmart store would be profitable. After Plaintiffs purchased the Franchises, Seva either forced Plaintiffs to select a particular Walmart that was not in a profitable location and/or placed significant requirements and restrictions on Plaintiffs in selecting a location. For some Plaintiffs, for instance, Seva prohibited opening a franchise more than 25 miles away from the owner's residence, and Seva limited Plaintiffs to opening a store smaller than 475 square feet with no spa rooms. These requirements, restrictions, and prohibitions were not disclosed in Seva's FDD, and Seva did not disclose the effect of those requirements and restrictions on the Franchises. In addition, Seva failed to provide material information about the Walmart stores where the Franchises would operate and failed to provide material information about Seva's business relationship with Walmart, as well as the effect on the Franchises of that omitted material information.

31. Seva's business model is based primarily on handing out discount coupons to Walmart customers. After purchasing the Franchises, Plaintiffs discovered that Walmart store rules impose significant restrictions on approaching Walmart customers or advertising within Walmart or directly outside Walmart. These restrictions and prohibitions were not disclosed in Seva's FDD, and Seva did not disclose the effect the restrictions and prohibitions would have on the Franchises.

32. Seva has required Plaintiffs to make certain minimum product purchases beyond the products required to operate the Franchises, and then Seva has suddenly switched to inferior

AMENDED COMPLAINT FOR RESCISSION AND DAMAGES - 6

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

130647.0001/6927801.1

product lines without notice. These actions were not disclosed in Seva's FDD, and Seva did not disclose the effect that such actions would have on the Franchises.

33. Seva has unilaterally changed its rent structure to the disadvantage of Plaintiffs. Such a unilateral change was not disclosed in Seva's FDD, and Seva did not disclose the effect such a change would have on the Franchises.

34. Seva misrepresented that it would adequately train and support Plaintiffs. Seva has not provided adequate training and support to Plaintiffs in operating the Franchises. For instance, Seva's "support" often features inexperienced and unlicensed Seva representatives—who have never owned or operated a Seva franchise—calling in to Plaintiffs' stores via remote video call, interrupting Plaintiffs' services, and providing a critique of the Franchises' operations. Seva's planned conduct was not disclosed in Seva's FDD, and Seva did not disclose the effect that Seva's conduct would have on the Franchises.

35. Seva represented to some Plaintiffs that no other business near the Franchises would be allowed to perform facial threading. After purchasing the Franchises, those Plaintiffs learned that other businesses within the same Walmart were also performing facial threading, which diverted business away from the Franchises.

36. After some Plaintiffs purchased the Franchises, Seva allowed other franchises to open stores within a few miles of the location of the Franchises. This close proximity has diverted business away from the Franchises.

37. Seva represented that Plaintiffs did not need any experience in the spa industry to own a Seva franchise and that experienced employees working as skilled facial "threaders" were easy to find and train within a short period of time. Seva further represented that if Plaintiffs could not hire experienced "threaders," then Seva could easily train non-threaders in 10 days remotely via video. Yet Plaintiffs later learned that threaders are in high demand and are very difficult to find, and significant training and experience are required—including years of training to achieve a sufficient skill level to perform threading services on clients. Some states even require licenses for threaders. In addition, threaders generally are not trained in

AMENDED COMPLAINT FOR RESCISSION AND DAMAGES - 7

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

other Seva practice areas, and threading is not taught in most beauty schools. As a result, at best, Plaintiffs have been forced to over-staff the Franchises in order to provide sufficient services to clients. The actual situation was not disclosed in Seva's FDD, and Seva did not disclose the effect the actual situation would have on the Franchises.

38. Seva represented that it would provide complete construction management, contractor bidding, detailed design, space planning, and other project support for Seva's "Spa-In-A-Box" program. Yet after at least one Plaintiff purchased a Franchise, Seva failed to provide the level of support that Seva represented it would provide. The actual situation was not disclosed in Seva's FDD, and Seva did not disclose the effect the actual situation would have on the Franchises.

39. Seva required Plaintiffs to sign waivers and releases of all claims against Seva in order to make any changes to operation of the Franchises. Seva's conduct and requirements were not disclosed in Seva's FDD, and Seva did not disclose the effect Seva's conduct and requirements would have on the Franchises. Further, such demands for waivers and releases are unfair and deceptive conduct, and prohibited by applicable franchise laws.

40. The Maniatises, Comrov, Viscia, and Kittner directly or indirectly participated in or controlled Seva's actions described herein, whether individually or by controlling the activities of Seva.

41. As a result of the foregoing actions, Plaintiffs have suffered significant financial losses in excess of $2,568,449.27. Specifically:

    a.    Defendants caused Davis and Christiana Grace to incur at least $540,431 in financial losses to invest in the Franchises, including: (i) $94,540 in franchise fees, entrance fees, and rent security deposit; (ii) $247,961 in net operating losses; (iii) $72,930 in construction costs; and (iv) $125,000 in lost wages due to forgoing other employment in order to manage the Franchise.

AMENDED COMPLAINT FOR RESCISSION AND DAMAGES - 8

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

130647.0001/6927801.1

   b.   Defendants caused Sandhu, Randhawa, and RS Spas to incur at least $365,000 in financial losses to invest in the Franchises, including: (i) $40,000 in franchise fees, entrance fees, and rent security deposit; (ii) $255,000 in net operating losses; and (iii) $70,000 in construction costs.

   c.   Defendants caused Hollis to incur at least $79,872.16 in financial losses to invest in the Franchises, including: (i) $78,000 in franchise fees; and (ii) $1,872.16 in travel expenses to meet with Seva and purchase the Franchises.

   d.   Defendants caused the Bleicks and Beauty in Spokane to incur at least $251,392 in financial losses to invest in the Franchises, including: (i) $59,000 in franchise fees, entrance fees, and rent security deposit; and (ii) $192,392 in net operating losses and construction costs, including loan fees and interest.

   e.   Defendants caused the Kellys and Avatar2026 to incur at least $237,064 in financial losses to invest in the Franchises, including: (i) $77,690 in franchise fees, entrance fees, and rent security deposit; and (ii) $159,374 in net operating losses and construction costs, including loan fees and interest.

   f.   Defendants caused Cuthbert, Charboneau, and Midwest Beauty to incur at least $421,200 in financial losses to invest in the Franchises, including: (i) $98,000 in franchise fees, entrance fees, and rent security deposit; (ii) $92,000 in net operational losses; (iii) $79,000 in construction costs; (iv) $140,000 in lost wages due to forgoing other employment in order to manage the Franchises; and (v) $12,200 in loan origination fees and other financial expenses to finance the purchase of the Franchises.

AMENDED COMPLAINT FOR RESCISSION AND DAMAGES - 9

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

130647.0001/6927801.1

    g.    Defendants caused On Call Enterprises to incur at least $458,559.91 in financial losses to invest in the Franchises, including: (i) $128,000 in franchise fees, entrance fees, and rent security deposit; (ii) $243,892.91 in net operating losses and construction costs, including loan fees and interest; and (iii) $86,667 in lost wages due to forgoing other employment in order to manage the Franchises.

    h.    Defendants caused Mivas to incur at least $214,930.20 in financial losses to invest in the Franchises, including: (i) $138,000 in franchise fees, entrance fees, and rent security deposit; (ii) $49,552.42 in net operating losses; and (iii) $27,377.78 in construction costs.

42.    On March 21, 2017, Plaintiffs demanded rescission of their Franchises from Seva and return of all financial losses. Seva did not grant Plaintiffs their requested relief. Accordingly, Plaintiffs filed this lawsuit.

### III.    RESCISSION AND DAMAGES FOR VIOLATIONS OF FRANCHISE ACTS

**A.    Washington Franchise Act Violations.**

43.    Plaintiffs reallege the allegations set forth in paragraphs 1-42 above and incorporate those allegations herein.

44.    The Franchises purchased by or assigned to Davis, Christiana Grace, Sandhu, Randhawa, RS Spas, Hollis, the Bleicks, and Beauty in Spokane (collectively, the "Washington Plaintiffs") are "franchises" governed by the Washington Franchise Investment Protection Act (the "Washington Franchise Act"), RCW 19.100.010 *et seq.*

45.    The Washington Franchise Act provides that it is unlawful in connection with the offer, sale, or purchase of a franchise directly or indirectly to: (i) make any untrue statement of material fact; (ii) sell or offer to sell a franchise by means of an untrue statement of a material fact, or by omitting any material fact that would make the statements not misleading; (iii) employ any device, scheme, or artifice to defraud; or (iv) engage in any act, practice, or course of business to operate as a fraud or deceit upon the purchaser. RCW 19.100.170(1)-(4).

AMENDED COMPLAINT FOR RESCISSION AND DAMAGES - 10

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

130647.0001/6927801.1

46. The Washington Franchise Act further states that it is unlawful to: (i) require a franchisee to purchase or lease particular goods or services, unless the franchisor can establish that the restrictions are reasonably necessary and do not substantially affect competition; (ii) require a franchisee to assent to a release or waiver to relieve any person from liability under the Washington Franchise Act; and (iii) impose any standard of conduct on the franchisee that is not reasonable and necessary. RCW 19.100.180(2)(b), (g), (h).

47. The Washington Franchise Act also provides that each franchisor must deal with franchisees in good faith. RCW 19.100.180(1).

48. Defendants willfully and knowingly made false, misleading, unfair, and deceptive statements to the Washington Plaintiffs in connection with the sale of the Franchises, including the statements described herein.

49. Since purchasing the Franchises, the Washington Plaintiffs have learned that Defendants' statements were false, misleading, unfair, and deceptive.

50. Defendants have refused to deal with the Washington Plaintiffs in good faith.

51. Defendants have improperly imposed purchase requirements and standards of conduct on Plaintiffs that were not reasonably necessary.

52. Defendants have improperly required the Washington Plaintiffs to assent to releases or waivers of liability under the Washington Franchise Act in order to make any operational changes to the Franchises. Such releases or waivers are unfair, deceptive, and invalid under the Washington Franchise Act. RCW 19.100.220.

53. Accordingly, Defendants have willfully and knowingly perpetrated numerous willful violations of the Washington Franchise Act, including violations of RCW 19.100.170 and RCW 19.100.180. The Maniatises, Comrov, Viscia, and Kittner are liable for directly or indirectly participating in violations of the Washington Franchise Act, whether individually or by controlling the activities of Seva.

AMENDED COMPLAINT FOR RESCISSION AND DAMAGES - 11

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

130647.0001/6927801.1

54. Pursuant to RCW 19.100.190, the Washington Plaintiffs are entitled to rescind all of their Franchises and recover damages against Defendants. The Washington Plaintiffs are entitled to at least $1,236,695.16 in damages.

55. The Washington Plaintiffs are entitled to recover treble damages and their attorneys' fees and costs. RCW 19.100.190(3).

**B.  Michigan Franchise Act Violations.**

56. Plaintiffs reallege the allegations set forth in paragraphs 1-55 above and incorporate those allegations herein.

57. The Franchises purchased by or assigned to the Kellys and Avatar2026 (collectively, the "Michigan Plaintiffs") are "franchises" governed by the Michigan Franchise Investment Law (the "Michigan Franchise Act"), M.C.L.A. § 445.1501 *et seq.*

58. The Michigan Franchise Act provides that it is unlawful in connection with the offer, sale, or purchase of a franchise directly or indirectly to: (i) make any untrue statement of material fact; (ii) omit any material fact that would make any statements made not misleading; (iii) employ any device, scheme, or artifice to defraud; or (iv) engage in any act, practice, or course of business to operate as a fraud or deceit upon the purchaser. M.C.L.A. § 445.1505(5)(a)-(c).

59. Defendants willfully and knowingly made false, misleading, unfair, and deceptive statements to the Michigan Plaintiffs in connection with the sale of the Franchises, including the statements described herein.

60. Since purchasing the Franchises, the Michigan Plaintiffs have learned that Defendants' statements were false, misleading, unfair, and deceptive.

61. Seva has improperly required the Michigan Plaintiffs to assent to releases or waivers of liability under the Michigan Franchise Act in order to make any operational changes to the Franchises. Such releases or waivers are unfair, deceptive, and invalid under the Michigan Franchise Act. M.C.L.A. § 445.1527.

AMENDED COMPLAINT FOR RESCISSION AND DAMAGES - 12

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

130647.0001/6927801.1

62. Accordingly, Defendants have willfully and knowingly perpetrated numerous willful violations of the Michigan Franchise Act, including violations of M.C.L.A. § 445.1505. The Maniatises, Comrov, Viscia, and Kittner are liable for directly or indirectly participating in violations of the Michigan Franchise Act, whether individually or by controlling the activities of Seva.

63. Pursuant to M.C.L.A. § 445.1531, the Michigan Plaintiffs are entitled to rescind their Franchises and recover damages against Defendants. The Michigan Plaintiffs are entitled to at least $237,064 in damages.

64. The Michigan Plaintiffs are entitled to recover their damages, including punitive damages, and their attorneys' fees and costs. M.C.L.A. § 445.1531.

**C.  Minnesota Franchise Act Violations.**

65. Plaintiffs reallege the allegations set forth in paragraphs 1-64 above and incorporate those allegations herein.

66. The Franchises purchased by or assigned to Cuthbert, Charboneau, and Midwest Beauty (collectively, the "Minnesota Plaintiffs") are "franchises" governed by the Minnesota Franchise Act (the "Minnesota Franchise Act"), M.S.A. § 80C.01 *et seq.*

67. The Minnesota Franchise Act provides that it is unlawful in connection with the offer, sale, or purchase of a franchise to: (i) make any untrue statement of material fact; or (ii) omit any material fact that would make any statements not misleading. M.S.A. § 80C.13.

68. Defendants willfully and knowingly made false, misleading, unfair, and deceptive statements to the Minnesota Plaintiffs in connection with the sale of the Franchises, including the statements described herein.

69. Since purchasing the Franchises, the Minnesota Plaintiffs have learned that Defendants' statements were false, misleading, unfair, and deceptive.

70. Seva has improperly required the Minnesota Plaintiffs to assent to releases or waivers of liability under the Minnesota Franchise Act in order to make any operational

AMENDED COMPLAINT FOR RESCISSION AND DAMAGES - 13

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

130647.0001/6927801.1

changes to the Franchises. Such releases or waivers are unfair, deceptive, and invalid under the Minnesota Franchise Act. M.S.A. § 80C.21.

71. Accordingly, Defendants have willfully and knowingly perpetrated numerous willful violations of the Minnesota Franchise Act, including violations of M.S.A. § 80C.13. The Maniatises, Comrov, Viscia, and Kittner are liable for directly or indirectly participating in violations of the Minnesota Franchise Act, whether individually or by controlling the activities of Seva.

72. Pursuant to M.S.A. § 80C.17, the Minnesota Plaintiffs are entitled to rescind all of their Franchises and recover damages against Defendants. The Minnesota Plaintiffs are entitled to at least $421,200 in damages.

73. The Minnesota Plaintiffs are entitled to recover their damages, including punitive damages, and their attorneys' fees and costs. M.S.A. § 80C.17.

**D.   Illinois Franchise Act Violations.**

74. Plaintiffs reallege the allegations set forth in paragraphs 1-73 above and incorporate those allegations herein.

75. The Franchises purchased by or assigned to On Call Enterprises and Mivas (collectively, the "Illinois-Governed Plaintiffs") are "franchises" governed by the Illinois Franchise Disclosure Act of 1987 (the "Illinois Franchise Act"), 815 ILCS 705/1 *et seq.*, because Seva sold the Franchises to the Illinois-Governed Plaintiffs in Illinois and pursuant to the choice-of-law clauses in their franchise agreements.

76. The Illinois Franchise Act provides that it is unlawful in connection with the offer or sale of a franchise to: (i) make any untrue statement of material fact; (ii) sell or offer to sell a franchise by means of an untrue statement of a material fact or by omitting any material fact that would make the statements not misleading; (iii) employ any device, scheme, or artifice to defraud; or (iv) engage in any act, practice, or course of business to operate as a fraud or deceit upon the purchaser. 815 ILCS 705/6.

AMENDED COMPLAINT FOR RESCISSION AND DAMAGES - 14

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

130647.0001/6927801.1

77. Defendants willfully and knowingly made false, misleading, unfair, and deceptive statements to the Illinois-Governed Plaintiffs in connection with the sale of the Franchises, including the statements described above in this Complaint.

78. Since purchasing the Franchises, the Illinois-Governed Plaintiffs have learned that Defendants' statements were false, misleading, unfair, and deceptive.

79. Seva has improperly required the Illinois-Governed Plaintiffs to assent to releases or waivers of liability under the Illinois Franchise Act in order to make any operational changes to the Franchises. Such releases or waivers are unfair, deceptive, and invalid under the Illinois Franchise Act. 815 ILCS 705/41.

80. Accordingly, Defendants have willfully and knowingly perpetrated numerous willful violations of the Illinois Franchise Act, including violations of 815 ILCS 705/6. The Maniatises, Comrov, Viscia, and Kittner are liable for directly or indirectly participating in violations of the Illinois Franchise Act, whether individually or by controlling the activities of Seva.

81. Pursuant to 815 ILCS 705/26, the Illinois-Governed Plaintiffs are entitled to rescind all of their Franchises and recover damages against Defendants. The Illinois-Governed Plaintiffs are entitled to at least $673,490.11 in damages.

82. The Illinois-Governed Plaintiffs are entitled to recover their damages, including punitive damages, and their attorneys' fees and costs. 815 ILCS 705/26.

### III. JURY DEMAND

83. Plaintiffs reallege the allegations set forth in paragraphs 1-82 above as though fully set forth herein.

84. Plaintiffs demand a trial by jury.

### IV. ATTORNEY'S FEES AND COSTS

85. Plaintiffs reallege the allegations set forth in paragraphs 1-84 above as though fully set forth herein.

AMENDED COMPLAINT FOR RESCISSION AND DAMAGES - 15

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

130647.0001/6927801.1

86.   Plaintiffs are entitled to recover their reasonable attorneys' fees, expenses, and costs incurred herein pursuant to the state franchise acts cited above.

## VI.   PRAYER FOR RELIEF

Plaintiffs pray for the following relief:

1. For rescission of Plaintiffs' Franchises.

2. For judgment against Defendants, jointly and severally, in favor of Davis and Christiana Grace for Defendants' violations of the Washington Franchise Act in an amount to be determined at trial, currently estimated at $540,431, plus treble damages and attorney's fees and costs.

3. For judgment against Defendants, jointly and severally, in favor of Sandhu, Randhawa, and RS Spas for Defendants' violations of the Washington Franchise Act in an amount to be determined at trial, currently estimated at $365,000, plus treble damages and attorney's fees and costs.

4. For judgment against Defendants, jointly and severally, in favor of Hollis for Defendants' violations of the Washington Franchise Act in an amount to be determined at trial, currently estimated at $79,872.16, plus treble damages and attorney's fees and costs.

5. For judgment against Defendants, jointly and severally, in favor of the Bleicks and Beauty in Spokane for Defendants' violations of the Washington Franchise Act in an amount to be determined at trial, currently estimated at $251,392, plus treble damages and attorney's fees and costs.

6. For judgment against Defendants, jointly and severally, in favor of the Kellys and Avatar2026 for Defendants' violations of the Michigan Franchise Act in an amount to be determined at trial, currently estimated at $237,064, plus punitive damages and attorney's fees and costs.

7. For judgment against Defendants, jointly and severally, in favor of Cuthbert, Charboneau, and Midwest Beauty for Defendants' violations of the Minnesota Franchise Act in

AMENDED COMPLAINT FOR RESCISSION AND DAMAGES - 16

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

130647.0001/6927801.1

an amount to be determined at trial, currently estimated at $421,200, plus punitive damages and attorney's fees and costs.

8. For judgment against Defendants, jointly and severally, in favor of On Call Enterprises for Defendants' violations of the Illinois Franchise Act in an amount to be determined at trial, currently estimated at $458,559.91, plus punitive damages and attorney's fees and costs.

9. For judgment against Defendants, jointly and severally, in favor of Mivas for Defendants' violations of the Illinois Franchise Act in an amount to be determined at trial, currently estimated at $214,930.20, plus punitive damages and attorney's fees and costs.

10. For all of Plaintiffs' attorney's fees and costs incurred in this matter.

11. For interest on the entire amount of each judgment against Defendants at the statutory rate from and after the date of judgment until paid.

12. Any other relief the Court deems just and equitable.

DATED: April 12, 2017

LANE POWELL PC

By /s/ Randall P. Beighle
Randall P. Beighle, WSBA No. 13421
beighler@lanepowell.com

/s/ Daniel A. Kittle
Daniel A. Kittle, WSBA No. 43340
kittled@lanepowell.com

1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: 206.223.7000
Facsimile: 206.223.7107

Attorneys for Plaintiffs

AMENDED COMPLAINT FOR RESCISSION AND DAMAGES - 17

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

130647.0001/6927801.1